IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VELETTA COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:19-CV-2417-D |
| | § | |
| MIGUEL CARDONA, U.S. | § | |
| SECRETARY OF EDUCATION, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

I

In this *pro se* action by plaintiff Veletta Coleman ("Coleman"), the court concludes, after reviewing for plain error the December 28, 2020 findings, conclusions, and recommendation of the magistrate judge, that the magistrate judge did not commit plain error. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted.

Treating Coleman's February 12, 2021 response and amendments as her objections to the magistrate judge's findings, conclusions, and recommendation and as an amended complaint, the court concludes that Coleman has failed to state a federal-law claim on which relief can be granted against any defendant, including newly-added defendants, and that her state-law claims should be dismissed without prejudice.

Accordingly, the court dismisses Coleman's federal-law claims in part without prejudice for lack of subject matter jurisdiction and in part with prejudice, and it dismisses

her state-law claims without prejudice by judgment filed today.

II

In Coleman's complaint, she alleged claims against Miguel Cardona,[1] the United States Secretary of Education ("Secretary"), in his official capacity; Educational Credit Management Corporation ("ECMC"); and Experian, Equifax, and TransUnion (collectively, "Credit Bureaus"), under Title VI of the Civil Rights Act of 1964 ("Title VI"), § 504 of the Rehabilitation Act of 1973 ("Section 504"), the Age Discrimination Act of 1975 ("Age Discrimination Act"), Title II of the Americans with Disability Act ("ADA"), Title IX of the Education Amendments of 1972 ("Title IX"), the Fair Credit Reporting Act ("FCRA"), the Equal Credit Opportunity Act ("ECOA"), the Fair Debt Collection Practice Act ("FDCPA"), Title III of the Consumer Credit Protection Act ("CCPA"), and the Texas Fair Debt Collection Practice Act ("TDCPA").

The magistrate judge recommends that all of the claims against the Secretary, except the ECOA claim, be dismissed without prejudice for lack of subject matter jurisdiction, and that the ECOA claim against the Secretary and all the claims against ECMC and the Credit Bureaus be dismissed with prejudice for failure to state a claim. Coleman has filed a response and amendments to the magistrate judge's findings, conclusions, and recommendation, but she does not address any of the magistrate judge's specific findings and conclusions or her recommendation. Instead, Coleman's response and amendments purport

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Secretary Cardona has been substituted as a defendant in place of former Secretary of Education Betsy DeVos.

- 2 -

to add new factual allegations, claims, and defendants.

Because she has not objected to the findings and conclusions of the magistrate judge, the court reviews the findings and conclusions for plain error.[2] The court concludes that the magistrate judge did not commit plain error in her findings and conclusions, and it therefore adopts the findings, conclusions, and recommendation of the magistrate judge as to the claims alleged in Coleman's complaint.

III

As noted, rather than object to the magistrate judge's specific findings and conclusions or her recommendation, Coleman's response and amendments purport to add new factual allegations, claims, and defendants. The court therefore liberally construes her *pro se* pleading as an amended complaint and determines whether Coleman has stated a claim on which relief can be granted.[3]

In sum, Coleman appears to allege in her amended complaint that she was approved for Social Security disability benefits in 1993, and, in 2004, was enrolled in an Individualized Plan for Employment with the Texas Department of Assistive Rehabilitation Commission, now known as Texas Workforce Solutions ("TWC"). Her federal student loans were medically discharged in 2006, but the United States Department of Education ("DOE")

---

[2]*See Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

[3]The court could re-refer Coleman's amended complaint to the magistrate judge for further screening or other appropriate proceedings. For the reasons explained, however, the court concludes that Coleman's action based on her amended complaint should be dismissed.

- 3 -

asserts that the loans are in default. On numerous occasions, Coleman has disputed the student loan debt, but DOE has not recognized the medical discharge or corrected certain inaccuracies in her credit report. She maintains that she is a qualified disabled individual, and, despite her repeated requests to TWC for legal representation in her dispute with DOE, TWC has not assisted her.

In her amended complain, Coleman appears to assert new claims against several attorneys who assisted her with her Chapter 13 bankruptcy proceedings in 2018 (collectively, "Bankruptcy Attorneys"). She alleges that they included her email address in bankruptcy filings without her authorization; failed to render competent legal services; and failed to exercise care, skill, and diligence with respect to matters involving DOE and ECMC. Coleman also alleges for the first time that an ECMC operations specialist ("Operations Specialist") filed a false and fraudulent claim in Coleman's bankruptcy case related to student loan debt claimed by the DOE. Finally, she alleges that an attorney representing a creditor ("Creditor Attorney") wrongly caused her to pay over $7,000 to keep her vehicle.

Coleman appears to assert the following new claims: (1) violations of 18 U.S.C. § 242 against all defendants; (2) violations of the ADA, Title IX, FCRA, FDCPA, the Individuals with Disabilities Educations Act ("IDEA"), the Social Security Act ("SSA"), and the Federal Tort Claims Act ("FTCA") against the Operations Specialist; (3) violations of the IDEA, SSA, and FTCA against ECMC; (4) violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), FCRA, and FDCPA against the Creditor Attorney; (5) legal malpractice, willful misrepresentation, and breach of fiduciary duty against the

Bankruptcy Attorneys; and (6) violations of the ADA, Section 504, and Age Discrimination Act against TWC.

IV

A

Coleman has failed to state a claim against any defendant for violations of 18 U.S.C. § 242.

Section 242 is a criminal statute that does not confer a private right of action. *See Chaney v. Races & Aces*, 590 Fed. Appx. 327, 330 (5th Cir. 2014) (per curiam) (holding that §§ 241 and 242 are criminal statutes that do not create a private right of action) (citing *Ali v. Shabazz*, 8 F.3d 22 (5th Cir. 1993)). Moreover, private citizens cannot enforce criminal statutes in a civil action. *See Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007) (Lynn, J.). Nor does a citizen have a constitutional right to have someone criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Coleman has therefore failed to state a claim under § 242 on which relief can be granted .

B

Coleman asserts federal-law claims against the Operations Specialist for violating the ADA, Title IX, FCRA, FDCPA, IDEA, SSA, and FTCA; against ECMC for violating the IDEA, SSA, and FTCA; against TWC for violating the ADA, Section 504, and the Age Discrimination Act; and against Creditor Attorney for violating the FCRA and FDCPA.

Coleman's amended complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.; see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (brackets omitted) (quoting Fed. R. Civ. P 8(a)(2) ). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Coleman's amended complaint is devoid of any facts that would support a plausible claim against any of the named defendants for violations of any of these federal statutes. She offers only bare generalized allegations that do not rise above mere labels or conclusions or a formulaic recitation of inapplicable statutes. Even viewed liberally and considering the entire record, Coleman has not alleged any facts sufficient to withstand dismissal of her federal-law claims.

C

Coleman also asserts state-law claims against the Bankruptcy Attorneys for legal malpractice, willful misrepresentations, and breach of fiduciary duty, and against the Creditor Attorney for violating the DTPA.

Although the court can exercise supplemental jurisdiction over state-law claims under 28 U.S.C. § 1367(a), in this circuit "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]" *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). Having dismissed Coleman's federal-law claims, the court in its discretion declines to exercise supplemental jurisdiction over her remaining state-law claims. Accordingly, the court dismisses Coleman's state-law claims without prejudice.[4]

V

For the reasons stated in the December 28, 2020 findings, conclusions, and recommendation of the magistrate judge, all of Coleman's claims against the Secretary, except her claim under the ECOA, are dismissed without prejudice for lack of subject matter jurisdiction. Her ECOA claim against the Secretary, and her claims against ECMC and the Credit Bureaus for violating Title VI, Section 504, Age Discrimination Act, ADA, Title IX,

---

[4]Coleman's claims against the Secretary, ECMC, and Credit Bureaus for violating the TDCPA are dismissed with prejudice for the reasons stated in the December 28, 2020 findings, conclusions, and recommendation of the magistrate judge. The court in its discretion concludes that it should address these claims as part of its supplemental jurisdiction since they are the subject of the magistrate judge's findings, conclusions, and recommendation.

FCRA, ECOA, FDCPA, CCPA, and TDCPA, are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

For the reasons explained in this memorandum opinion and order, Coleman's new claims for violations of 18 U.S.C. § 242 are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as frivolous and for failure to state a claim. Her claims against the Operations Specialist for violations of the ADA, Title IX, FCRA, FDCPA, IDEA, SSA, and FTCA; her claims against ECMC for violations of the IDEA, SSA, and FTCA; her claims against TWC for violations of the ADA, Section 504, and Age Discrimination Act; and her claims against the Creditor Attorney for violations of the FCRA and the FDCPA are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Coleman's remaining state-law claims against the Bankruptcy Attorneys and the Creditor Attorney are dismissed without prejudice.[5]

**SO ORDERED**.

March 29, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[5]It is not entirely clear which defendants Coleman alleges have violated which statutes. Because the court concludes that Coleman has failed to state a claim for relief under any listed federal statute and declines to exercise jurisdiction over any state-law claims, all of Coleman's claims are dismissed even if the court has not specifically addressed a particular claim as to a particular defendant.